**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA, TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND, TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND, BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND, and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>        Plaintiffs,<br><br>vs.<br><br>GRANITE WORKS, INC., and JON CANJA,<br><br>        Defendants. | 2:10-cv-00767-HDM-PAL<br><br>ORDER |

    Plaintiffs initiated this action against defendants Granite Works, Inc. and its president Jon Canja on May 24, 2010.  The complaint asserts four claims, including breach of fiduciary duty

1

against Canja.  Defendants filed an answer to the complaint on July 22, 2010.

On October 21, 2010, defendants' attorney moved to withdraw. The magistrate judge granted the motion and ordered defendants to obtain new counsel, or in the case of Canja to file a notice of intent to proceed *pro se* on or before November 23, 2010.  Neither defendant responded to the magistrate judge's order.  On December 10, 2010, the magistrate judge issued an order to show cause why sanctions should not be imposed for the failure to respond.  On December 21, 2010, new counsel appeared on the defendants' behalf and responded to the order to show cause.  The magistrate judge concluded that the parties had not intentionally disregarded the court's orders and that sanctions were not warranted.

On February 7, 2011, defendants' second counsel moved to withdraw.  The magistrate judge granted that motion on February 11, 2011, ordering defendants to obtain new counsel, or in the case of Canja file a notice that he would be appearing *pro se*, on or before February 24, 2011.

On February 18, 2011, the magistrate judge conducted a hearing on a motion to compel discovery filed by the plaintiffs.  Neither defendants nor counsel on their behalf appeared at the hearing.

Defendants failed to advise the court that they had retained new counsel and did not file any other notice or request for extension of time.  On March 9, 2011, the magistrate judge issued an order to show cause why sanctions should not be imposed for failure to comply with court orders.  The magistrate judge ordered the defendants to respond on or before March 18, 2011.  Defendants did not do so.

On March 25, 2011, the magistrate judge recommended that this court issue sanctions for defendants' failure to obtain counsel or otherwise comply with the court's orders.  The magistrate judge recommended entry of default judgment against Granite Works if it did not retain counsel before April 8, 2011, and entry of default judgment against Canja if he did not either retain counsel or file a notice that he would be appearing *pro se* by that same date.  No objections to the report and recommendation were filed.

On April 4, 2011, the plaintiffs filed a motion for default judgment.

On May 12, 2011, the court conducted a telephonic hearing on the report and recommendation and the motion for default judgment. Canja appeared at the hearing.  As Granite Works had still failed to appear through an attorney, the court adopted and accepted the magistrate judge's report and recommendation and granted the plaintiffs' motion for default judgment against Granite Works.  As to Canja, the court ordered plaintiffs to supplement their motion for default judgment and granted Canja until June 2, 2011, to file a response.  The plaintiffs filed their supplement on May 26, 2011. Canja has not filed any response.

Accordingly, now before the court are the magistrate judge's report and recommendation (#33) and the plaintiffs' motion for default judgment (#34, #37) as to defendant Canja.

**I. Report and Recommendation**

The report and recommendation recommends entry of default against Canja because his "willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed

3

litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice." (Report & Recommendation 2). Default may be appropriate where the defendant fails "to comply with [the court's] own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (9th Cir. 1992). Canja has failed to defend this action, comply with plaintiff's discovery requests, or respond to various orders of the court. Accordingly, the court hereby adopts and accepts the magistrate judge's report and recommendation (#33) that default judgment be entered against defendant Canja.

**II. Motion for Default Judgment**

At the May 12, 2011, hearing, plaintiffs confirmed that they seek relief against Canja on breach of fiduciary duty theory.[1] ERISA imposes a number of duties upon fiduciaries and authorizes civil actions where those duties have been breached. *See id.* § 1105, § 1109, § 1132(a)(2) & (3). A "person is a fiduciary with

---

[1] Although plaintiffs obtained relief against Granite Works pursuant to 29 U.S.C. § 1145, that section applies only to "employers." *See id.* § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Absent reasons for piercing the corporate veil, individuals who are not themselves employers are not liable for delinquent or unpaid contributions under § 1145. *See Operating Eng'rs Pension Trust v. Reed*, 726 F.2d 513, 515 (9th Cir. 1984); *see also Trustees of Screen Actors Guild-Producers Pension & Health Plans v. NYCA*, Inc., 572 F.3d 771, 776 (9th Cir. 2009) ("Shareholders and officers of a corporation may be liable for the company's contribution obligations in situations in which justice requires piercing the corporate veil."). Plaintiffs have made no allegation and have provided no evidence supporting a piercing of the corporate veil and imposing individual liability in this case.

4

respect to a plan to the extent . . . [he or she] exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A). Thus, in order for Canja to be liable under this theory, the delinquent or unpaid contributions must be considered plan assets, and Canja must have had control or authority over their disposition. *See id.*; *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997).

A. Plan Assets

The complaint alleges that Canja failed to remit contributions that Granite Works was required to pay as well as contributions that had been withheld from its employees' paychecks. (Compl. ¶¶ 32-33).

Employee contributions, *i.e.*, amounts withheld from employee paychecks, are considered plan assets. 29 C.F.R. § 2510.3-102(a); *Trustees of the S. Calif. Pipe Trades Health & Welfare Trust Fund v. Temecula Mech., Inc*, 438 F. Supp. 2d 1156, 1161 n.1 (C.D. Cal. 2006); *see also In re M&S Grading, Inc.*, 541 F.3d 859, 864 (8th Cir. 2008).

Employer contributions, on the other hand, generally do not become plan assets until the employer pays them over to the plan. *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1234 (9th Cir. 2000). However, some courts have held that unpaid employer contributions may be considered plan assets where the plan documents "specifically and clearly" identify them as such. *ITPE Pension Fund v. Hall*, 334 F.3d 1011, 1013 (11th Cir. 2003); *Temecula Mech., Inc*, 438 F. Supp. 2d at 1163; *see also Trustees of the Elec. Workers Health & Welfare Trust v. Campbell*, 2010 U.S. Dist. LEXIS 12213, at *6 (D. Nev. Feb. 11, 2010); *Bd. of Trustees*

5

*of Laborers Health & Welfare Trust Fund for N. Calif. v. Atoll Topui Island*, 2007 WL 174409, at *4-5 (N.D. Cal. 2007). The court agrees with the reasoning of these courts and will apply the exception here.

Where documents of a plan describe its assets as including contributions that are required to be paid, unpaid employer contributions are considered plan assets. Language deemed sufficient has included: (1) sums "due and owing"; (2) sums that "shall be paid" or are "required to be made"; or (3) sums that "become Trust assets on the Due Date." *See Campbell*, 2010 U.S. Dist. LEXIS 12213, at *8-9 (finding unpaid employer contributions were plan assets where plan documents stated that "all money owed to the Trusts . . . (whether paid, unpaid, segregated or otherwise traceable, or not) become[s] Trust assets on the Due Date," and the employer is "immediately liable" for delinquent contributions); *Atoll Topui*, 2007 WL 174409, at *4-5 (finding unpaid employer contributions were plan assets where plan documents stated that the trust fund "shall consist of all Contributions required . . . to be made"); *Trustees of Conn. Pipe Trades Local 777 Health Fund v. Nettleton Mechan. Contractors*, 478 F. Supp. 2d 279, 283 (D. Conn. 2007) (finding unpaid employer contributions were plan assets where plan documents stated that assets of the fund included "such sums of money as have been or shall be paid to the Pension Fund by the Employers" and "sums of money that have or will be paid or which are due and owing to the Fund by the Employers"); *Temecula Mech.*, 438 F. Supp. 2d at 1165 (finding unpaid employer contributions were plan assets where plan documents stated that assets of the fund consisted of "the sums of money that . . . are due and owing to the

6

Fund by the Employers . . . [and] all other Contributions and payments to or due and owing to the Trustees from any source to the extent permitted by law"); *id.* at 1166 (finding unpaid employer contributions were plan assets where plan documents stated that assets of the fund included "such sums of money as have been or shall be paid to the Pension Fund by the Employers").

Unpaid employer contributions have not been considered plan assets where plan documents describe assets as including simply "contributions," without more. *See In re Halpin*, 566 F.3d 286, 290 (2d Cir. 2009) (holding that unpaid employer contributions were not plan assets where fund assets were described as "contributions *made by Employers*"); *In re Brobeck, Phleger & Harrison, LLP*, 414 B.R. 627, 636 n.8 (Bankr. N.D. Cal. 2009) (holding that unpaid employer contributions were not plan assets where the plan contained the following language: "All contributions made to the Plan shall be paid over to the Trustee . . . Contributions so received . . . shall constitute the Trust"); *Bonilla v. E.G. Constr.*, 2007 WL 2317589, at *5 (N.D. Cal. 2007) (holding that unpaid employer contributions were not plan assets where the only relevant language defined contributions as "payment[s] made or to be made to the Fund by an Individual employer.").

Three of the trust agreements in this case specifically and clearly identify unpaid employer contributions as plan assets: (1) the Vacation Trust Agreement,[2] (Ex. 1 Art. 1, § 11) (defining the fund's assets as "consist[ing] of the sums of money that have been or will be paid or which are *due and owing* to the Fund by the

---

[2] The court adopts the shorthand references to the trust agreements provided in plaintiffs' supplement (#37).

7

Employers as required by the Collective Bargaining Agreements and any and all other Contributions and Payments to the extent permitted by law") (emphasis added); (2) the Health Benefits Fund, (Ex. 3 § 1.08, § 1.09) (defining "contributions" as "contributions made or required to be made by Employers to the fund, and defining "fund" as "generally the monies or other things of value which comprise the corpus and additions to the Trust fund"); and (3) the Masonry Trust Agreement, (Ex. 4 Art. 2(d)) (defining trust assets as including "future contributions provided for under collective bargaining agreements," where the collective bargaining agreement requires benefit contributions); (Mot. Default Judg. Shea Decl. Ex. 1 (Master Labor Agreement Art. XII) (requiring employers to make benefit contributions)).

The remainder of the trust agreements do not contain such specific and clear language.

The Pension Trust defines the trust fund as including "[a]ll funds contributed to the Trust by Employers and all monies, properties and other things of value which may be contributed to or otherwise become part of the Trust." (Ex. 2 Am. No. 5 § 1.01). While plaintiffs argue that this "agreement contemplates future, unpaid contributions," (Pl. Supp. 4), the future contributions are described neither as due or owing nor as required to be made. Simply contemplating that future contributions may be made is insufficient.[3] In fact, the language of the Pension Trust is more

---

[3] To the extent plaintiffs rely on the language found sufficient by the *Temecula* court, this court notes that although that language included "sums of money that have or will be paid," the *Temecula* court clearly focused on the phrase "sums . . . due and owing" in deciding that the unpaid contributions constituted plan assets. *Temecula Mech.*, 438 F. Supp. 2d at 1165. Accordingly, this court does not consider sufficient the language in

8

similar to the language at issue in *In re Halpin* and *Bonilla*, which the courts held did not specifically and clearly identify unpaid employer contributions as plan assets. Accordingly, Canja is not liable under a breach of fiduciary duty theory for the fringe benefit payments that were owed to the Pension Trust because the amounts owed to the Pension Trust are not plan assets.

Even less specifically, the International Pension Fund defines "trust fund," "fund," and "trust" to include contributions. (Ex. 5 Art. 1 § 1.7). As with the Pension Trust, this language is insufficient.[4]

Plaintiffs provide no documentation or argument for the International Health Fund. There is therefore no support for a finding that unpaid contributions to the International Health Fund are plan assets.

Thus, to the extent plaintiffs seek an award of unpaid employer contributions to the International Health Fund, the International Pension Fund, and the Pension Trust, the motion for default judgment is **DENIED**. While the other three plaintiff trust agreements contain language sufficient to identify unpaid employer contributions as plan assets, the court is unable on this record to determine the amount of unpaid contributions associated with each

---

the Pension Trust referring to contributions that "may" be made.

[4] Plaintiffs argue that the Pension Fund and Health Benefits Fund are defined contribution plans, it appears suggesting that as such the unpaid contributions should be considered plan assets. However, at least one court has noted that the distinction between defined benefit and defined contribution plans is irrelevant to the determination of whether unpaid contributions are plan assets. *In re Brobeck*, 414 B.R. at 635-36. Accordingly, the fact that the Pension Fund and the Health Benefits Fund are defined contribution plans does not compel a conclusion that unpaid contributions are plan assets.

9

of those trusts. Accordingly, plaintiffs are granted leave to file a second supplement identifying the unpaid *employer* contributions associated with the Vacation Trust, the Health Benefits Fund, and the Masonry Trust. Plaintiffs shall file any such supplement on or before August 16, 2011. Should no supplement be filed, the court will deny the motion for default judgment for unpaid employer contributions as to those trusts, as well.

B. Fiduciary Role

Determining that some of the unpaid contributions were plan assets, however, is only the first step. In order for Canja to be liable as a fiduciary, he must have had authority and control over those assets.

Canja's status as sole corporate officer and controlling shareholder of Granite Works does not automatically render him a fiduciary. *See also Finkel v. Romanowicz*, 577 F.3d 79, 86 (2d Cir. 2009) (individual's status as officer of corporation is insufficient to establish he is a fiduciary); *see also Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1459-61 (9th Cir. 1995) (rejecting the "contention that where a corporation is [a] named fiduciary, the [corporate officers] who act on behalf of the corporation do not become individual fiduciaries by virtue of those acts," but not holding that corporate officers are *automatically* fiduciaries). Canja may be considered a fiduciary only if he had functional control and authority over plan assets. 29 U.S.C. §1002(21)(A). Plaintiffs have not otherwise provided any evidence regarding Canja's control or authority over payment of contributions to the trusts. However, for purposes of default judgment, "th[e] court takes the well-pleaded factual allegations in the complaint as

10

true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal quotation marks omitted). Accordingly, the court looks to the allegations of plaintiffs' complaint.

Although plaintiffs allege that Canja was a fiduciary, (Compl. ¶ 30), this is a conclusion of law. A "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Factually, the complaint alleges that Canja was responsible for withholding monies from employee paychecks and for making decisions about transmitting those monies to the trust. (Compl. ¶ 36). The complaint thus sufficiently alleges that Canja had authority and control over the disposition of employee deductions.

However, despite plaintiffs' assertions in their supplement, the complaint does not allege that Canja was responsible for remitting or had authority to direct the payment of the employer contributions. In fact, the complaint repeatedly asserts that Canja's control was over monies withheld from employee paychecks. (*See* Compl. ¶¶ 36, 37, 47). While the complaint does allege that Canja was responsible for the day-to-day operations of Granite Works and that he failed to submit timely reports, the court finds this assertion insufficient to allege that Canja had authority or control over Granite Works' employer contributions.

The complaint does not sufficiently plead that Canja had control over employer contributions. Without further evidence that Canja acted as a fiduciary with respect to employer contributions, the court cannot grant the plaintiffs' motion for default judgment as to those contributions. Plaintiffs are therefore granted leave to provide evidence that Canja was a fiduciary with respect to the

1 unpaid employer contributions.  As with the supplement regarding
2 the three trust funds discussed above, plaintiffs shall file such
3 supplement on or before August 16, 2011.  The failure to file a
4 supplement and provide evidence of Canja's fiduciary function will
5 result in a denial of the motion for default judgment as to all
6 unpaid employer contributions.

7 Because the plaintiffs' complaint establishes that Canja was a
8 fiduciary with respect to employee contributions and such were plan
9 assets, the court hereby grants the motion for default judgment as
10 to the employee contributions and enters an award as follows.

11 **III. Award**

12 Plaintiffs seek a judgment against Canja that includes the
13 unpaid employee contributions, interest, liquidated damages and
14 attorney's fees.  Plaintiffs appear to base their request on 29
15 U.S.C. § 1132(g)(2).  Section 1132(g)(2) applies to actions brought
16 "to enforce section 1145."  As discussed above, § 1145 applies only
17 to employers.  Thus, § 1132(g)(2) does not apply to the breach of
18 fiduciary duty claim against Canja and therefore does not dictate
19 the relief to be granted in this case.  *See Diduck v. Kaszycki &*
20 *Sons Contractors, Inc.*, 974 F.2d 270, 285 (2d Cir. 1992),
21 *abrogation on other grounds recognized by Gerosa v. Savasta & Co.*,
22 329 F.3d 317, 319, 322-23 (2d Cir. 2003); *see also Trustees of the*
23 *Road Carriers Local 707 Welfare Fund v. Goldberg*, 2009 WL 3497493,
24 at *6 (E.D.N.Y. 2009).

25 Plaintiffs' remedies are for a breach of fiduciary duties.  In
26 general, a fiduciary that breaches his or her duties to a plan is
27 "liable to make good to such plan any losses to the plan resulting
28 from each such breach, and to restore to such plan any profits of

12

such fiduciary which have been made through use of assets of the plan by the fiduciary." The court concludes that in order for plaintiffs to be made whole, Canja must pay not only the unremitted employee contributions but also interest and liquidated damages on those contributions.

    A. Unpaid Contributions

Granite Works was required to pay money withheld from employee paychecks to the Vacation Fund. (Pl. Supp. Payson Decl. ¶¶ 5-6). According to the audit, Canja failed to pay $21,679.61 to the Vacation Fund between 2008 and 2009. (Mot. Default Judg. Goodnough Decl. Ex. A). And based on the estimate of the time Granite Works employees worked on the Imperial Palace project, Canja failed to pay $1,800.00 to the Vacation Fund between August 2010 and October 2010. (*Id.* Ivester Decl.; *id.* Goodnough Decl. Ex. A). The court finds that the plaintiffs have presented sufficient evidence supporting their claim of unpaid employee contributions and will therefore award the plaintiffs these amounts.

    B. Interest

Plaintiffs seek prejudgment interest in the amount of $4,937.34 through April 14, 2010, with $8.43 per diem thereafter until judgment is entered. The court notes two problems with this request. First, plaintiffs assert that the interest is calculated through April 14, 2010, when in fact the audit calculated interest through April 30, 2010. (*See* Mot. Default Judg. Goodnough Decl. Ex. A). Accordingly, the court will calculate the additional interest from May 1, 2010. Second, plaintiffs assert that the per diem interest due and owing from that date is $8.43. However, based on the court's own calculations, an interest rate of 14%, as

provided in the Collective Bargaining Agreement, (*see* Shea Decl. Ex. 1 at 10)) on $21,679.61 would yield a rate of $8.31 per diem. Accordingly, the court will award prejudgment interest at a rate of $8.31 per diem.

Pursuant to the court's calculations, then, an additional amount of $3448.65 has accrued in interest from May 1, 2010, until June 20, 2011, the date of this order. The court will accordingly award prejudgment interest in the total amount of $8,385.99 through June 19, 2011.

C. Liquidated Damages

The Vacation Trust Agreement provides for liquidated damages of 20 percent. (Pl. Supp. Ex. A § 6.02(d)). The court therefore will award $4,335.93 for the unpaid contributions from 2008-2009 and $360.00 for the unpaid contributions from 2010.

D. Attorney's Fees

Plaintiffs argue that an award of attorney's fees is mandatory, citing 29 U.S.C. § 1132(g)(2). As discussed, this provision does not apply to plaintiffs' breach of fiduciary duty claim. The court may in its discretion, however, award attorney's fees against Canja. *Id.* § 1132(g)(1). Accordingly, the court will award plaintiffs the requested attorneys fees in the amount of $35,197.67. No further fees will be awarded, however, as the additional labor put into this case results from plaintiffs' failure to provide a basis for this court's award against Canja in its original motion for default judgment.

**Conclusion**

In accordance with the foregoing, the court hereby **ADOPTS AND ACCEPTS** the report and recommendation of the United States

Magistrate Judge (#33) and enters default judgment against defendant Jon Canja. The plaintiffs' motion for default judgment (#34, #37) is **GRANTED IN PART and DENIED IN PART**, and the court **RESERVES in part**, as discussed above. Plaintiffs may supplement their motion as to the employer contributions for the Vacation Trust (if any), the Health Benefits Fund, and the Masonry Trust, and Canja's control and authority over those contributions. Plaintiffs shall file any such supplement on or before August 16, 2011. Failure to file the required information will result in a denial of the remainder of the motion for default judgment. As to the unpaid employee contributions, the court hereby enters the following judgment against defendant Jon Canja:

1. Unpaid Employee Contributions
    - A. 2008-09                              $21,679.61
    - B. August-October 2010                  $1,800.00
2. Prejudgment Interest
    - A. 2008-09                              $8,693.46
    - B. August-October 2010                  $0
3. Liquidated Damages
    - A. 2008-09                              $4,335.93
    - B. August-October 2010                  $360.00
4. Attorney's Fees                            $35,197.67
                                      Total:  $72,066.67

**IT IS SO ORDERED.**

DATED: This 26th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE